IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MARY ESTRADA, Individually and as
Representative of the Estate of Paul
Treviño, Deceased, SENAIDA
MARTINEZ, and CONCEPCION
TREVIÑO,
        Plaintiffs,

-vs-

DIVERSICARE HILLCREST, LLC
d/b/a Hillcrest Manor Nursing &
Rehabilitation Center, WALTER
SMITH, HILL-ROM COMPANY, INC.,
and LINAK U.S., INC.,
        Defendants.

CAUSE NO.:
A-17-CA-00032-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiffs Mary Estrada, individually and as representative of the Estate of Paul Treviño, Senaida Martinez, and Concepcion Treviño (Plaintiffs)' Motion to Remand [#13], Defendant Hill-Rom Company, Inc. (Hill-Rom)'s Response [#18] in opposition, Defendant Linak U.S., Inc. (Linak)'s Response [#19] in opposition, and Plaintiffs' Reply [#22] in support. Having considered the documents, the case file as a whole, and the applicable law, the Court enters the following opinion and order.

### Background

This case arises from a nursing home accident. Paul Treviño (Treviño) was a patient at Defendant Diversicare Hillcrest, LLC d/b/a Hillcrest Manor Nursing & Rehabilitation Center (Hillcrest). Mot. Remand [#13] at 2. Defendant Walter Smith (Smith) is an employee of Hillcrest. *Id.* On January 27, 2014, Smith used a Viking M Portable Lift manufactured by Hill-Rom and Linak to transfer Treviño from his wheelchair to his bed. *Id.* Plaintiffs allege "[d]uring

the lift transfer, due to the negligence of [Hillcrest and/or Smith], and/or due to the strict product liability and/or negligence of [Hill-Rom] and/or [Linak]," Treviño fell from the lift onto the floor and was seriously injured. Not. Removal [#1-2] Ex. 1 (Original Pet.) ¶ 14. CT scans revealed Treviño suffered a subarachnoid hemorrhage and subdural hematoma in his head, a left pleural effusion, and a possible left proximal clavicle fracture. *Id.* Treviño died from these injuries on February 4, 2014, nine days after he fell off the lift. *Id.* ¶ 15. An autopsy concluded his death was caused by the blunt force head injury he suffered when he fell to the floor. *Id.*

Plaintiffs filed their complaint in state court on January 19, 2016, bringing negligence and product liability claims against Hillcrest, Smith, Hill-Rom, and Linak. *Id.* ¶¶ 16–37. Plaintiffs are all citizens of Texas. Not. Removal [#1] ¶ 2. Smith is believed to be a citizen of Texas, and Hillcrest's citizenship is unknown. *Id.* ¶¶ 5–6. Hill-Rom is a corporation organized and incorporated under the laws of Indiana with its principal place of business located in Indiana. *Id.* ¶ 3. Linak is a corporation organized and incorporated under the laws of Delaware with its principal place of business located in Kentucky. *Id.* ¶ 4.

The parties engaged in mediation on September 29, 2016, but were unable to agree to a settlement. Mot. Remand [#13] at 3. On November 22, 2016, Plaintiffs reached an agreement to settle their claims against Hillcrest and Smith. *Id.* On December 6, 2016, Plaintiffs sent an email to counsel for Hill-Rom and Linak—the remaining defendants—stating, "Plaintiffs have reached a settlement with the *facility*." *Id.* [#13-2] Ex. B (December 6 Email) at 1 (emphasis added).[1] The December 6 Email also explained Steve Darling, counsel for Hillcrest and Smith, would turn over the lift, which had been in Hillcrest's possession up until the settlement, to Plaintiffs if all the parties agreed. *Id.* Hill-Rom agreed to this preservation proposal on December 23, 2016, and Linak agreed on December 27, 2016. *Id.* [#13-5] Ex. E at 1; *see id.*

---

[1] No notice of settlement was filed with the state court.

[#13-8] Ex. H at 1. Apart from these responses, the parties did not exchange any emails, documents, or phone calls from December 6, 2016, to January 3, 2017. *Id.* [#13-1] Ex. A (Breen Decl.) ¶ 6.

On January 3, 2017, Hill-Rom sent an email to Plaintiffs and Linak stating, "Now that Plaintiffs have settled with the Hillcrest defendants and Walter Smith, the case becomes removable to federal court." *Id.* [#13-9] Ex. I (January 3 Email) at 1. Later, on January 18, 2017, Linak sent an email to Plaintiffs, stating "Plaintiff's counsel has notified us that the nursing home facility has settled all claims with the Plaintiff. I have not received notification that the individual, Walter Smith, has settled any claims against him with the Plaintiff. Can you please let me know if Walter Smith settled all claims with the Plaintiff." Hill-Rom Resp. [#18-3] Ex. 3 (January 18 Email) at 1. A few hours later, Plaintiffs confirmed they settled with both Hillcrest and Smith. *Id.* ("Yes, there is a settlement agreement signed by Plaintiffs and the settlement agreement includes Walter Smith and the facility.").

When Plaintiffs first filed their action, diversity jurisdiction did not exist because Plaintiffs and Smith are all citizens of Texas. However, after Plaintiffs' settlement with Hillcrest and Smith, Linak, a resident of Delaware and Kentucky, and Hill-Rom, a resident of Indiana, were the only remaining defendants. Based on this complete diversity, Linak, with Hill-Rom's consent, removed the case to federal court on January 18, 2017. *See* Not. Removal [#1] ¶¶ 13–14.

## Analysis

### I.  Legal Standard

A defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). Federal courts

have original jurisdiction in civil actions between "citizens of different states . . . where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Id.* § 1332(a)(1). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

There are two ways a case can be removed under 28 U.S.C. § 1446(b). First, a defendant may file a notice of removal within 30 days after the defendant receives "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1441(b)(1). Second, if the initial pleading is not removable, a defendant may file a notice of removal within 30 days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1441(b)(3). "Other paper" under § 1446(b)(3) may be discovery responses, pleadings, deposition transcripts, and attorney communications. *Still v. Ga.–Pac. Corp.*, 965 F. Supp. 878, 881 (S.D. Miss. 1997) (citing cases). Further, "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal . . . ." *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002); *see also Scott, Hulse, Marshall, Feuille, Finger & Thurmond, P.C. v. Integrated Health Servs. at Hanover House, Inc.*, No. 3:08-CV-326-KC, 2008 WL 5683482, at *3 (W.D. Tex. Oct. 17, 2008). Finally, "[a] case may not be removed under subsection (b)(3) on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action." 28 U.S.C. § 1446(c).

## II. Application

Linak argues removal is proper because the case was removed within 30 days of the receipt of "other paper" and within 1 year from when the case was filed. Not. Removal [#1] ¶¶ 12–13; Linak Resp. [#19] at 6. Linak alleges the January 18 Email—stating, "Yes, there is a settlement agreement signed by Plaintiffs and the settlement agreement includes Walter Smith and the facility"—constituted "other paper" from which Linak first ascertained the case was removable.[2] Because Linak removed the same day, January 18, 2017, Linak argues the case was removed within 30 days of Linak's receipt of the January 18 Email and within 1 year of when Plaintiffs filed their complaint on January 19, 2016. *Id.* at 9–10.

In contrast, Plaintiffs argue removal is not proper because Linak should have ascertained the case was removable from the December 6 Email, which stated, "Plaintiffs have reached a settlement with the facility. Steve Darling indicates the facility has the lift preserved and will turn it over . . . ." Mot. Remand [#13] at 8–9.

In order to remove a case based on "other paper" under § 1441(b), the information supporting removal in the "other paper" must be "unequivocally clear and certain."[3] *Bosky*, 288 F.3d at 211. Here, the December 6 Email was not "unequivocally clear and certain" in

---

[2] Plaintiffs urge this Court to disregard the January 18 Email as a sham, claiming Linak only asked Plaintiffs on January 18 if they had settled with Smith to feign ignorance that the case actually became removable after the December 6 Email. Mot. Remand [#13] at 13–14. However, because the Court finds the December 6 Email was not "unequivocally clear and certain," *see infra* Section II, Linak's email to Plaintiffs on January 18 asking whether Plaintiffs settled with Smith was legitimate.

[3] Plaintiffs claim the "'unequivocally clear and certain' analysis is not even applicable to the facts of this case." Reply [#22] at 2. Specifically, Plaintiffs argue because, in the January 3 Email, Hill-Rom acknowledged Plaintiffs' settlement with both Hillcrest and Smith made the case removable, the "unequivocally clear and certain" analysis does not apply. *Id.* at 3 (arguing the cases applying the "unequivocally clear and certain" analysis do not involve "defendants specifically stating they know a case is removable."). The Court disagrees. Plaintiffs do not provide any authority showing the "unequivocally clear and certain" analysis does not apply if one defendant believes or states the case is removable. On the contrary, courts in the Fifth Circuit consistently apply the "unequivocally clear and certain" analysis to removal based on "other paper." *See, e.g., Hinojosa v. Chowning*, No. CIV.A. L-10-79, 2010 WL 4065487, at *2 (S.D. Tex. Oct. 12, 2010); *Scott, Hulse, Marshall, Feuille, Finger & Thurmond, P.C.*, 2008 WL 5683482, at *3; *Stiles v. Barnes Grp., Inc.*, No. CIV. 3:01-CV-2750-H, 2002 WL 1298734, at *2 (N.D. Tex. June 11, 2002).

demonstrating the case's removability. The plain language of the December 6 Email states Plaintiffs settled with only Hillcrest and never mentions Smith. *See* December 6 Email at 1 ("Plaintiffs have reached a settlement with the *facility*.") (emphasis added). The January 18 Email, however, does unequivocally show the case was removable. *See* January 18 Email at 1 ("Yes, there is a settlement agreement signed by Plaintiffs and the settlement agreement includes Walter Smith and the facility."). Therefore, the January 18 Email constitutes "other paper," and Linak's removal was timely and proper.

Plaintiffs argue Linak was required to apply a "reasonable amount of intelligence" in ascertaining removability from the December 6 Email. *See* Mot. Remand [#13] at 9. Plaintiffs further claim Linak, applying a "reasonable amount of intelligence," should have concluded the December 6 Email indicated Plaintiffs settled with both Hillcrest and Smith because: (1) Hillcrest and Smith were referred to collectively as "the Hillcrest Defendants" in litigation and mediation; (2) no employer such as Hillcrest would settle without including the release of an employee such as Smith; and (3) the same lawyers represented Hillcrest and Smith. *Id.* at 9–10. According to Plaintiffs, if Linak employed this "reasonable amount of intelligence" when reading the December 6 Email, it would have concluded Plaintiffs settled with both Hillcrest and Smith, making the case removable. *Id.* at 11.

However, the Fifth Circuit has not adopted the "reasonable amount of intelligence" rule. To support their argument, Plaintiffs only cite case law from the Second, Sixth, and Ninth Circuits. *See id.* at 9 n.31 (citing *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 285 (6th Cir. 2016); *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 145 (2d Cir. 2014); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013)). What's more, these courts apply the "reasonable amount of intelligence" rule in narrow circumstances. For

instance, each case Plaintiffs cite involves removal under the Class Action Fairness Act (CAFA). In addition, the cases direct defendants to use a "reasonable amount of intelligence" in the context of calculating the amount in controversy. *See, e.g., Graiser*, 819 F.3d at 285 (finding defendant has a "duty to apply reasonable amount of intelligence" to its reading of the "other paper," but cannot prevent the start of the 30 day window by refusing to "multiply figures clearly stated") (internal citation omitted).

Neither of these circumstances is present here. Linak did not remove the case under the CAFA, and Plaintiffs are asking Linak to do much more than calculate numbers on a page. Plaintiffs expect Linak to ignore the plain language of the December 6 Email—"Plaintiffs have reached a settlement with the facility"—and make numerous leaps to arrive at the conclusion that Plaintiffs must have also settled with Smith. Making those types of assumptions is not akin to multiplying clearly stated figures. In fact, as Linak points out, courts in the Fifth Circuit specifically state "defendants should not have to speculate as to removability." Linak Resp. [#19] at 5 (quoting *Akin v. Big Three Indus., Inc.*, 851 F. Supp. 819, 825 (E.D. Tex. 1994)). For these reasons, the Court is not persuaded by Plaintiffs' argument that Linak was required to exercise a "reasonable amount of intelligence" to determine whether the December 6 Email disclosed Plaintiffs settled with Hillcrest and Smith.[4]

In sum, based on the plain language of the December 6 Email, it was not unequivocally clear and certain Plaintiffs settled with both Hillcrest and Smith. The December 6 Email therefore does not constitute "other paper" that triggers the 30-day window for Linak to remove

---

[4] Plaintiffs claim Hill-Rom applied a "reasonable amount of intelligence" to conclude Plaintiffs settled with Hillcrest and Smith. Mot. Remand [#13] 11–12. But the fact Hill-Rom guessed Plaintiffs settled with Hillcrest and Smith does not change the Court's analysis. The December 6 Email did not unequivocally state Plaintiffs settled with both Hillcrest and Smith. Moreover, as noted above, the Fifth Circuit has not adopted the "reasonable amount of intelligence" rule.

the case. Instead, the January 18 Email unequivocally stated the case was removable.[5] Because Linak removed the case within 30 days of January 18, 2016 and within 1 year of the date Plaintiffs' filed their complaint, removal was proper.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiffs Mary Estrada, individually and as representative of the Estate of Paul Treviño, Senaida Martinez, and Concepcion Treviño's Motion to Remand is DENIED.

SIGNED this the 30th day of March 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE

---

[5] To the extent Plaintiffs argue Hill-Rom's January 3 Email constitutes "other paper," the Court need not address that argument. Even if the January 3 Email met the "unequivocally clear and certain" standard and triggered the window for removal, Linak removed the case within 30 days of the January 3 Email.